IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CASE 11-4214SKG |
| | * | (RELATED TO JKB-10-0498) |
| | * | |
| TROY WILLIAMS, | * | |
| | * | |
| Defendant. | * | |
| | * | |

ooOoo

## MOTION FOR REVOCATION OF RELEASE ORDER

The United States of America, by and through counsel, Rod J. Rosenstein, United States Attorney for the District of Maryland, and Mark W. Crooks, Assistant United States Attorney, hereby moves the Court for an order, pursuant to 18 U.S.C. § 3145, revoking the order of release of the defendant in the Eastern District of New York. In support of its motion, the government states as follows:

1.    Defendant Williams was arrested yesterday in the Eastern District of New York on an arrest warrant and complaint out of the District of Maryland dated September 27, 2011 for Conspiracy to Commit Bank Fraud.

2.    On January 15, 2014, the defendant appeared before the Honorable Magistrate Judge Orenstein for a Rule 5 initial appearance.   Assistant United States Attorney Margaret Lee appeared on behalf of the government, advocated for detention per the undersigned's request, based on the fact that the defendant was a flight risk in light for the reasons set forth herein. Judge Orenstein released the defendant on a $50,000 secured bond.   Further, the defendant was ordered to travel to the District of Maryland "for court purposes only."   Upon the government's

motion, Judge Orenstein agreed to stay his decision for twenty-four hours for the government to appeal the court's decision, pursuant to 18 U.S.C. § 3145. Section 3145 provides that "if a person is ordered released by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense ....the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order ...." The motion is to be "determined promptly."

**The Defendant is A Risk of Flight**

3.      The Defendant is clearly a risk of flight. In November of 2010, law enforcement traveled to Brooklyn, New York to investigate a bank fraud conspiracy scheme in which more than fifty financial institutions in six states (mostly credit unions) were victimized. The overwhelming majority of banks defrauded were in Maryland; nevertheless, the co-conspirators were known to hail from and reside in Brooklyn, New York.

4.      One of the targets of the investigation was the defendant Troy Williams. As such, law enforcement visited multiple addresses in Brooklyn, New York where he was known to reside, including one address where he was the registered tenant. At each location, business cards and a "target letter" (a letter from the undersigned explaining that the defendant was the target of a long-term investigation and that he was best advised to seek public counsel) were left beneath the doorframe. Further, at the location where the defendant was listed as tenant, an individual, who represented that he was the defendant's cousin, opened the door and agreed that "Troy Williams" lived at that address. Further, a photograph of the defendant was shown to this person, who confirmed that this was the person to whom he was referring. The cousin stated that the defendant was "out" but assured inspectors that he would share with him law enforcement's business cards and letters.

2

5.    Follow-up visits to that address led inspectors to learn from the superintendent of the building that the defendant had moved-out soon thereafter and that he had left no forwarding address.  Attempts to talk to the remaining tenants of the apartment were unsuccessful.

6.    On September 27, 2011, the Honorable Magistrate Judge Susan K. Gauvey issued an arrest warrant for the defendant, pursuant to a criminal complaint that was signed in her presence on that same date, charging the defendant with Conspiracy to Commit Bank Fraud, 18 U.S.C. § 1349.

7.    The criminal complaint has an attending affidavit from Postal Inspector J.A. Starliper, wherein Inspector Starliper described some of the criminal acts that Williams allegedly committed along with Latesha Brown (aka Michelle Barnak, et al), Christopher Houston (JKB-10-0498) and others.

8.    Subsequent to the filing of this complaint, the undersigned attorney received several telephone voicemails from Troy Williams at the United States Attorney's Office in Maryland, inquiring about the complaint.   In addition, the undersigned attorney received a phone call from the defendant; during which, the undersigned attorney refused to discuss with the defendant any substantive points but explained that there was a warrant for his arrest involving bank fraud. Further, the undersigned advised him to seek counsel.   In the company of Inspector Starliper, the undersigned attempted to call the defendant back at the number from which he had called and an automated message relayed, in substance, that the number was no longer in service.

9.    Soon thereafter, the undersigned attorney received several phone calls from local counsel; during which, the undersigned explained to the attorneys the nature of the allegations concerning the defendant and described some of the evidence that might be presented to a grand jury should a pre-indictment plea not be achieved.   Local counsel explained that they would attempt to have

the defendant self-surrender to the local postal inspectors; in exchange for which, the undersigned agreed not to advocate for detention. Roughly one week later, undersigned counsel explained that the defendant had not come to Maryland and that they no longer represented him.

10.     On a couple of occasions during the ensuing months, the defendant was stopped by members of the New York City Police Department for traffic violations in New York City. Unfortunately, the defendant was allowed to leave each time before the police officers identified that the defendant had an open warrant for his arrest.   Postal inspectors attempts to locate the defendant at the addresses that he provided during these traffic stops were unsuccessful.

11.     In the summer and fall of 2011, four co-conspirators pleaded guilty to conspiracy to commit bank fraud and related charges in United States v. Brown, et al., JKB 10-498.  Prior to sentencing, a couple of the co-conspirators, along with their counsel, agreed to meet with the undersigned attorney and postal inspectors.  During a couple of the proffers, co-conspirators acknowledged that Troy Williams knew that he was being sought in Maryland for his involvement in the procurement of fraudulent loans during the scheme and that there was a warrant pending for his arrest.

12.     On January 15, 2014, the defendant was arrested by postal inspectors in New York, who had come across the defendant the day before during the execution of an administrative arrest of a person other than the defendant.   The defendant was arrested at one of the same locations visited by postal inspectors in 2011 and at which business cards and a "target letter" had been left.  The defendant had with him on January 15, 2014, one of the documents used during the procurement of a fraudulent loan in Maryland, a Guyanese passport.  (This fact also militates in favor of detention insofar as it reflects that the defendant has strong ties outside of the United States.)

4

WHEREFORE, the government moves for a revocation of the court's order as the government deems the defendant a flight-risk, per 18 U.S.C. § 3142 (f)(2)(A). A proposed order is attached for the Court's consideration.

Respectfully submitted,

Rod J. Rosenstein
United States Attorney

By: _____

Mark W. Crooks
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA     *

                          *

      v.                     *      CASE 11-4214SKG

                          *      (RELATED TO JKB-10-0498)

                          *

TROY WILLIAMS,           *

                          *

      Defendant.          *

                          *

                     ooOoo

## ORDER

Pending before this Court is the Government's Motion for Revocation of Release filed pursuant to 18 U.S.C. 3145.  For the reasons set forth therein, IT IS, this 16th day of January 2014, ORDERED:

1.     That the Government's Motion BE, and the same HEREBY, IS GRANTED;

2.     That a copy of this Order be provided promptly to the Eastern District of New York.

3.     That the Defendant be detained pending transport to the District of Maryland

4.     That an Initial Appearance be held promptly upon the Defendant's arrival in the District of Maryland.

_____
JAMES K. BREDAR
UNITED STATES DISTRICT JUDGE
DISTRICT OF MARYLAND

JP:ML

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    -against-

TROY WILLIAMS,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - X

**14 M     34**

REMOVAL TO THE
DISTRICT OF MARYLAND

Fed. R. Crim. P. 5

EASTERN DISTRICT OF NEW YORK, SS:

        MICHAEL DELGIUDICE, being duly sworn, deposes and says that he is a Postal Inspector with the United States Postal Inspection Service ("USPIS") duly appointed according to law and acting as such.

        Upon information and belief, on September 27, 2011, an arrest warrant was issued by the United States District Court for the District of Maryland charging the defendant TROY WILLIAMS with conspiracy to commit bank fraud, in violation of Title 18, United States Code, Section 1349.

        The source of your deponent's information and the grounds for his belief are as follows:

        1.     On September 27, 2011, a criminal complaint was filed in the United States District Court for the District of Maryland charging the defendant with one count of conspiracy to commit bank fraud, in violation of Title 18, United States Code, Section 1349. That same day, an arrest warrant was issued for the defendant. Copies of the warrant and criminal complaint are attached hereto.

2.    On January 14, 2014, agents from the Department of Homeland Security, Homeland Security Investigations ("HSI") went to 170 New York Avenue Apt. 2, Brooklyn, New York ("New York Avenue apartment") to execute an administrative arrest of an individual. After initially refusing to open the door, the individuals residing in the apartment opened the door and provided identification documents to the agents. There were four individuals inside the apartment. One of the individuals present in the apartment was the defendant TROY WILLIAMS, who provided the HSI agents with a Guyanese passport, bearing the name "Troy Clayton Williams" and passport number 1176886.

3.    After conducting searches in law enforcement databases, the agents determined that there was an outstanding arrest warrant for the defendant TROY WILLIAMS in the District of Maryland. The Guyanese passport that the defendant provided to HSI agents bears the same passport number as the Guyanese passport that the defendant is alleged to have used in connection with the charged bank fraud conspiracy. The HSI agents then informed the USPIS of the location of TROY WILLIAMS.

4.    On January 14, 2014, Postal Inspectors from the USPIS in Maryland provided the defendant's pedigree information, including the defendant's name, social security number and date of birth. I was also provided with the defendant's photograph.

5.    On January 15, 2014, along with HSI agents and USPIS Postal Inspectors, I went to the New York Avenue apartment. At approximately 6:15 a.m., an individual was observed leaving the apartment. The agents recognized the individual as a resident of the New York Avenue apartment seen the previous day. An agent approached the individual and asked about the location of the defendant TROY WILLIAMS. The individual indicated that the defendant TROY WILLIAMS was still in the apartment. Agents then went

to the New York Avenue apartment with the individual, who then opened the door for the agents. The defendant was in the apartment. The defendant confirmed his identity as the individual charged in the District of Maryland. I confirmed that his pedigree information matched the pedigree information associated with the individual sought by the District of Maryland. I also confirmed that the defendant matched the photograph provided by the USPIS in Maryland.

WHEREFORE your deponent respectfully requests that the defendant TROY WILLIAMS be removed to the District of Maryland so that he may be dealt with according to law.

MICHAEL DELGIUDICE
United States Postal Inspector
United States Postal Inspection Service

Sworn to before me this
15th day of January, 2014

EIN
DGE
K

AO 442 (Rev. 01/09) Arrest Warrant

FILED _____ ENTERED
_____ LOGGED _____ RECEIVED

# UNITED STATES DISTRICT COURT

SEP 28 2011

for the

District of Maryland

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND

BY _____ DEPUTY

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | ) Case No. 11-4214 SKG |
| | ) |
| Troy Williams | ) |
| Defendant | ) |

## ARREST WARRANT

To:     Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*     Troy Williams
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment     ☐ Superseding Indictment     ☐ Information     ☐ Superseding Information     X Complaint
☐ Probation Violation Petition     ☐ Supervised Release Violation Petition     ☐ Violation Notice     ☐ Order of the Court

This offense is briefly described as follows:

See affidavit which is attached hereto and incorporated herein by reference

Date: 9/27/11

_____
*Issuing officer's signature*

City and state:  Baltimore
MD

Susan K. Gauvey, US Magistrate Judge
*Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* _____, and the person was arrested on *(date)* _____ at *(city and state)* _____ |
| Date: _____ |

_____
*Arresting officer's signature*

_____
*Printed name and title*



AC 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

District of Maryland

SEP 28 2011

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND

BY _____ DEPUTY

FILED _____ ENTERED
_____ RECEIVED

| United States of America | ) | |
| v. | ) | Case No. 11-4214 SKG |
| | ) | |
| Troy Williams | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ___December 2004 to July 2010___ in the county of ___Harford___ in the

_____ District of ___Maryland___, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 USC §1349 | Conspiracy to Commit Bank Fraud |

This criminal complaint is based on these facts:

See affidavit which is attached hereto and incorporated herein by reference

x  Continued on the attached sheet.

_____
*Complainant's signature*

Judy Starliper, Postal Inspector
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 9/27/11

City and state: Baltimore MD

_____
*Judge's signature*

Susan K. Gauvey, US Magistrate Judge
*Printed name and title*

Case 1:11-mj-04214-SKG Document 3 Filed 01/16/14 Page 12 of 16
Case 1:14-mj-00034-JO Document 1 Filed 01/28/14 Page 6 of Page ID #: 6
Case 1:11-mj-04214-SKG Document 1 Filed 09/28/11 Page 2 of 3

Affidavit of Postal Inspector Judy Starliper, U. S. Postal Inspection Service
In Support of
Criminal Complaint: U.S. v. Troy Williams

1.  On September 24, 2009, an individual purporting to be "Troy Clayton," an
    African-American male, entered Transit Employees Federal Credit Union
    (TEFCU) on Bladensburg Road, NE, Washington, DC and opened a
    membership account. A passport, birth certificate, and pay stub were supplied
    to open the account. Subsequently, Clayton applied for a $15,000.00
    Signature Loan. He presented his loan paperwork to Latesha Brown, who was
    working at TEFCU under a stolen identity, that of M.B. "Clayton" was issued
    the loan for $15,000.00 and, with Latesha Brown's assistance, he attempted to
    withdraw his cash in increments of less than $10,000.00, in order to avoid
    currency transaction reports ("CTRs"). Ultimately, "Troy Clayton" withdrew
    $5,000 in cash and received a $5,000 check before TEFCU detected
    fraudulent activity and suspended the account.

2.  TEFCU is insured by the National Credit Union Share Insurance Fund.

3.  TEFCU determined the Washington Metropolitan Area Transit Authority
    (WMATA) pay-stub (ID # 566570), which was used as a supporting
    document for the loan, was fraudulent. In fact, the original underlying pay-
    stub belonged to a TEFCU member in the name of J.B.M. of Waldorf, MD.
    However, the name and address were modified to appear as though it were a
    pay-stub issued to "Troy Clayton."

4.  Your affiant determined the address provided by Troy Clayton (200 Crain
    Circle, Glen Burnie, MD 21061) for the TEFCU loan was an invalid address.
    An additional check with the Department of State for Passport #1176886,
    Republic of Guyana, in the name of Troy Clayton, was determined to be an
    invalid passport number. Further, based on countless interviews with
    associates of Troy C. Williams, bank personnel, and document analysis, your
    affiant's information and belief is that the person holding himself out to be
    "Troy Clayton" at TEFCU was, in fact, Troy Williams.

5.  On October 14, 2009, "Troy C. Williams," using the address 1007 Pirates
    Court, Edgewood, MD 21040, SSN: 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 and Drivers License
    #562002593 (762 St. Marks Avenue, 1D, Brooklyn, NY 11216), applied for a
    $32,160 vehicle loan with Harford County Maryland Federal Credit Union
    (HARCO), using a false vehicle invoice and a forged pay-stub from "Metro
    Transportation."

6.  Additionally, on October 15, 2009, "Troy C. Williams," using the same above
    information, applied for a $10,000 Line of Credit with HARCO. Troy

Williams was able to withdraw $2032.70 before the credit union was able to freeze the line of credit because of detected fraudulent activity.

7.    HARCO is insured by the National Credit Union Share Insurance Fund.

8.    Your affiant determined "Troy C. Williams" does not reside at 1007 Pirates Court. This address is the next door address to co-conspirator Latesha Brown in Edgewood, MD.

9.    On November 2, 2009, your affiant's search of the Social Security database determined the SSN used by "Troy Clayton" at TEFCU, 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, belonged to Troy Williams. Additional data base checks determined Troy Williams lives in Brooklyn, NY, not Maryland.

10.   Your affiant obtained the suspect's images from surveillance video, which were recorded on HARCO security system software on October 14 and 15, 2009. A person appearing to match the driver's license photo (as well as other photos procured by your affiant) of Troy Williams appears in the surveillance footage along with other co-conspirators, Latesha Brown and Christopher Houston; both of whom also procured fraudulent vehicle loans from HARCO.

11.   On February 18, 2001, Ms. E.F. was telephonically interviewed by your Affiant. E.F. advised that she formerly lived next door to Latesha Brown in Aberdeen, MD. She stated that sometime in the Fall of 2009, she encountered Latesha Brown and Troy Williams at HARCO when they were there, by their own admission, to obtain a loan. She further advised that Troy Williams is a friend of Latesha Brown and Christopher Houston from Brooklyn, NY.

J. A. Starliper, Postal Inspector

Subscribed and sworn
before me this 27th day
of September, 2011

Affidavit of Postal Inspector Judy Starliper, U. S. Postal Inspection Service
In Support of
Criminal Complaint: U.S. v. Troy Williams

1.  On September 24, 2009, an individual purporting to be "Troy Clayton," an
    African-American male, entered Transit Employees Federal Credit Union
    (TEFCU) on Bladensburg Road, NE, Washington, DC and opened a
    membership account. A passport, birth certificate, and pay stub were supplied
    to open the account. Subsequently, Clayton applied for a $15,000.00
    Signature Loan. He presented his loan paperwork to Latesha Brown, who was
    working at TEFCU under a stolen identity, that of M.B. "Clayton" was issued
    the loan for $15,000.00 and, with Latesha Brown's assistance, he attempted to
    withdraw his cash in increments of less than $10,000.00, in order to avoid
    currency transaction reports ("CTRs"). Ultimately, "Troy Clayton" withdrew
    $5,000 in cash and received a $5,000 check before TEFCU detected
    fraudulent activity and suspended the account.

2.  TEFCU is insured by the National Credit Union Share Insurance Fund.

3.  TEFCU determined the Washington Metropolitan Area Transit Authority
    (WMATA) pay-stub (ID # 566570), which was used as a supporting
    document for the loan, was fraudulent. In fact, the original underlying pay-
    stub belonged to a TEFCU member in the name of J.B.M. of Waldorf, MD.
    However, the name and address were modified to appear as though it were a
    pay-stub issued to "Troy Clayton."

4.  Your affiant determined the address provided by Troy Clayton (200 Crain
    Circle, Glen Burnie, MD 21061) for the TEFCU loan was an invalid address.
    An additional check with the Department of State for Passport #1176886,
    Republic of Guyana, in the name of Troy Clayton, was determined to be an
    invalid passport number. Further, based on countless interviews with
    associates of Troy C. Williams, bank personnel, and document analysis, your
    affiant's information and belief is that the person holding himself out to be
    "Troy Clayton" at TEFCU was, in fact, Troy Williams.

5.  On October 14, 2009, "Troy C. Williams," using the address 1007 Pirates
    Court, Edgewood, MD 21040, SSN: 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 and Drivers License
    #562002593 (762 St. Marks Avenue, 1D, Brooklyn, NY 11216), applied for a
    $32,160 vehicle loan with Harford County Maryland Federal Credit Union
    (HARCO), using a false vehicle invoice and a forged pay-stub from "Metro
    Transportation."

6.  Additionally, on October 15, 2009, "Troy C. Williams," using the same above
    information, applied for a $10,000 Line of Credit with HARCO. Troy

Williams was able to withdraw $2032.70 before the credit union was able to freeze the line of credit because of detected fraudulent activity.

7.      HARCO is insured by the National Credit Union Share Insurance Fund.

8.      Your affiant determined "Troy C. Williams" does not reside at 1007 Pirates Court. This address is the next door address to co-conspirator Latesha Brown in Edgewood, MD.

9.      On November 2, 2009, your affiant's search of the Social Security database determined the SSN used by "Troy Clayton" at TEFCU, 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, belonged to Troy Williams. Additional data base checks determined Troy Williams lives in Brooklyn, NY, not Maryland.

10.     Your affiant obtained the suspect's images from surveillance video, which were recorded on HARCO security system software on October 14 and 15, 2009. A person appearing to match the driver's license photo (as well as other photos procured by your affiant) of Troy Williams appears in the surveillance footage along with other co-conspirators, Latesha Brown and Christopher Houston; both of whom also procured fraudulent vehicle loans from HARCO.

11.     On February 18, 2001, Ms. E.F. was telephonically interviewed by your Affiant. E.F. advised that she formerly lived next door to Latesha Brown in Aberdeen, MD. She stated that sometime in the Fall of 2009, she encountered Latesha Brown and Troy Williams at HARCO when they were there, by their own admission, to obtain a loan. She further advised that Troy Williams is a friend of Latesha Brown and Christopher Houston from Brooklyn, NY.

J. A. Starliper, Postal Inspector

Subscribed and Sworn
before me this 27th day
of September, 2011

*United States District Court*
**EASTERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA | ORDER SETTING CONDITIONS
OF RELEASE AND BOND

**v.**

Troy Williams
_____ **Defendant**

Case No.: 14-34M

### RELEASE ORDER

It is hereby ORDERED that the above-named defendant be released as follows, subject to the Standard Conditions of Bond on the reverse and:

[ ] Upon Personal Recognizance Bond on his/her promise to appear at all scheduled proceedings as required, or

[ ] Upon Unsecured Bond executed by defendant in the amount of $_____, or $ **50,000**

[✓] Upon Secured Appearance Bond as provided herein.

### Additional Conditions of Release

Upon finding that release under the standard conditions detailed on the reverse will not by themselves reasonably assure the appearance of the defendant and the safety of other persons and the community, IT IS FURTHER ORDERED that the defendant is subject to the following additional conditions of release:

[✓] 1. The defendant must remain in and may not leave the following areas without Court permission: **EDNY SDNY, District of Maryland (for Court purposes only)**

[ ] 2. The defendant shall avoid all contact and not associate with any of the following persons or entities: _____

[ ] 3. The defendant shall avoid and not go to any of the following locations: _____

[✓] 4. The defendant shall surrender any and all passports to the U.S. Pretrial Services Agency by _____ and shall not apply for any other passport.

[✓] 5. Defendant is placed under the express supervision of the Pretrial Services Agency, subject to the Special Conditions on the reverse, if applicable, and

 [✓] is subject to random visits by a Pretrial Services officer at defendant's home and/or place of work: **as directed by PTS**

 [✓] must report to that agency ( ) in person _____ times per _____ and/or ( ) by telephone _____ times per _____

 [ ] is subject to home detention with electronic monitoring with the following conditions: _____

 [ ] must undergo [ ] random drug testing [ ] evaluation and/or [ ] treatment for: [ ] substance abuse [ ] alcoholism [ ] mental health problems.

 [ ] must pay the cost of treatment and/or electronic monitoring by with personal funds and/or insurance.

[✓] 6. Other Conditions: **DFT must report to District of Maryland as directed. DFT. must seek/maintain employment**

### APPEARANCE BOND

The undersigned defendant and sureties jointly and severally acknowledge that I/we and my/our personal representatives, jointly and severally, are bound to pay to the United States of America the sum of $ **50,000**. The undersigned agree(s) that this obligation is secured with his/her/their interest in the following property ("Collateral") which he/she/they represent is free and clear of liens except as otherwise indicated:

[ ] cash deposited in the Registry of the Court the sum of $_____ at **Queens Village, NY**

[✓] premises located at **100-48 208th St** owned by **Fidelle Paul & Herbert Paul**

[✓] I/We also agree to execute a confession of judgment in form approved by the U.S. Attorney which shall be duly filed with the proper local and state authorities on or before **1/26/14**

[ ] Other Conditions: _____

J.S. *Fidell Paul*
Fidelle Paul **Surety** | Address: **100-48 208 St Queens Valley 11429**

J.S. _____
Lauriet Luther Paul **Surety** | Address: **264 Gates Av Brooklyn 11216**

Herbert Paul _____ **Surety** | Address: _____

The Court has advised the defendant of the conditions of release per 18:3142(h)(1) and (b)(2). This bond is conditioned upon the appearance of the defendant and is subject to the Standard Conditions of Bond set forth on the reverse. If the defendant fails to appear as ordered or notified, or any other condition of this bond is not met, this bond shall be due forthwith.

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth on the reverse of this form.

Signature of Defendant _____

Release of the Defendant is hereby ordered on _____, 20___

_____, US_J

**Distribution:** White-Original     Canary - Courtroom Deputy     Pink - Pretrial Services     Goldenrod - Defendant